[Crim. No. 2480. Second Appellate District, Division One.—April 7, 1934.]

THE PEOPLE, Respondent, v. WILLIAM HASKELL HUDSON, Appellant.

Jesse R. Shafer for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—The defendant and appellant was tried upon an information filed by the district attorney in three counts; count I charging violation of section 288a of the Penal Code, and counts II and III charging violations of section 288 of the Penal Code. Upon the trial and after the evidence had been closed, and before the cause was given to the jury, the court upon its own motion dismissed the information against the defendant as to count II. Upon submission of the cause to the jury upon counts I and III of said information, the defendant was found guilty as charged on each

of said counts. Thereafter, and within the time fixed by law, the defendant duly gave notice of motion for a new trial, which said motion was by the court denied. This appeal is "from the court's order denying defendant's motion for a new trial, from the judgment pronounced herein and the whole hereof".

If the affidavits that were presented upon motion for new trial are true—and they were uncontradicted—they show a tampering with the witnesses, that is, at least a coaching of the witnesses at a time when they were awaiting their opportunity to be called, after they had been excluded from the courtroom and had been instructed by the court not to discuss the cause among themselves or discuss their evidence. The facts, as set out in these affidavits, were not known to the defendant or to his attorney until after the cause had been submitted to the jury. The testimony of the two prosecuting witnesses, as to the acts charged, was in some respects extremely improbable. In view of these circumstances, we believe that it was an abuse of discretion on the part of the trial court to refuse to grant defendant's motion for a new trial.

The judgment is reversed. The order denying defendant's motion for a new trial is reversed, and the cause is remanded for a new trial.

Conrey, P. J., and Houser, J., concurred.